IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CH2M HILL HANFORD GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-494C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Damich) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second and third sentences of paragraph 1. The allegations contained in the fourth, fifth, sixth, seventh and eighth sentences of paragraph 1 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in the first, second and third sentences of paragraph 2 are conclusions of law, and plaintiff's

characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 4.

5. Admits the allegations contained in the first sentence of paragraph 5. The allegations contained in the second sentence of paragraph 5 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in paragraph 6 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in the first sentence of paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 8. Denies the allegations contained in the second sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Admits.

10. Admits.

11. Denies the allegations contained in the first sentence of paragraph 11. Admits the allegations contained in the second sentence of paragraph 11 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 11. Admits the allegations contained in the third sentence of paragraph 11 to the extent supported by the budget request cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the third sentence of paragraph 11.

12. Admits the allegations contained in the first and second sentences of paragraph 12. The allegations contained in the third sentence of paragraph 12 are conclusions of law, and plaintiff's characterization of this action, to which no response

is required; to the extent they may be deemed allegations of fact, they are denied.

13. Admits.

14. Admits the allegations contained in the first sentence of paragraph 14. Admits the allegations contained in the second and third sentences of paragraph 14 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second and third sentences of paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the contract modifications cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 17.

18. Admits the allegations contained in the first sentence of paragraph 18 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the

allegations contained in the first sentence of paragraph 18. The allegations contained in the second sentence of paragraph 18 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. Admits the allegations contained in paragraph 20 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 21.

22. The allegations contained in paragraph 22 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that the numbers in the row labeled "New BA Includes Fee" refer to estimates of budget authority.

23. Admits the allegations contained in paragraph 23 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the regulations cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 25.

26. The allegations contained in paragraph 26 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. Admits the allegations contained in paragraph 28 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 28.

29. The allegations contained in paragraph 29 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

30. Admits the allegations contained in paragraph 30 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 33.

34. The allegations contained in paragraph 34 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that plaintiff's incurred costs and earned fee for fiscal year 2006 totaled approximately $310 million.

38. The allegations contained in paragraph 38 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

39. The allegations contained in paragraph 39 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 are conclusions of law, and plaintiff's characterization of this

action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 are conclusions of law, and plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that the United States did not grant plaintiff the equitable adjustment that plaintiff had sought.

44. Admits the allegations contained in paragraph 44 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 44.

45. Admits the allegations contained in paragraph 45 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 45.

46. The allegations contained in paragraph 46 are conclusions of law, and plaintiff’s characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that plaintiff submitted a claim on October 12, 2006.

47. The United States incorporates by reference its responses to paragraphs 1 through 46 of plaintiff's complaint.

48. The allegations contained in paragraph 48 are conclusions of law, and plaintiff’s characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 are conclusions of law, and plaintiff’s characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

50. Admits the allegations contained in paragraph 50 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 50.

51. The allegations contained in paragraph 51 are conclusions of law, and plaintiff’s characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 are conclusions of law, and plaintiff’s characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

53. The United States incorporates by reference its responses to paragraphs 1 through 46 of plaintiff's complaint.

54. The allegations contained in paragraph 54 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

55. The allegations contained in paragraph 55 are conclusions of law, and plaintiff’s characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 are conclusions of law, and plaintiff’s characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 are conclusions of law, and plaintiff’s characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

58. The allegations contained in paragraph 58 are conclusions of law, and plaintiff’s characterization of this

action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

59. The allegations contained in paragraph 59 are conclusions of law, and plaintiff’s characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

60. Admits the allegations contained in the first sentence of paragraph 60 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 60. The allegations contained in the second sentence of paragraph 60 are conclusions of law, and plaintiff’s characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

61. The United States incorporates by reference its responses to paragraphs 1 through 46 of plaintiff's complaint.

62. The allegations contained in paragraph 62 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

63. The allegations contained in paragraph 63 constitute conclusions of law, and plaintiff’s characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

64. The allegations contained in paragraph 64 constitute conclusions of law, and plaintiff’s characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

65. The allegations contained in paragraph 65 constitute conclusions of law, and plaintiff’s characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

66. Admits the allegations contained in the first sentence of paragraph 66 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 66. The allegations contained in the second sentence of paragraph 66 are conclusions of law, and plaintiff’s characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

67. The United States incorporates by reference its responses to paragraphs 1 through 46 of plaintiff's complaint.

68. The allegations contained in paragraph 68 constitute conclusions of law, and plaintiff’s characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

69. The allegations contained in paragraph 69 constitute conclusions of law, and plaintiff’s characterization of its case,

to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

70. The allegations contained in paragraph 70 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

71. The allegations contained in paragraph 71 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

72. The allegations contained in paragraph 72 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

73. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 72, or to any relief whatsoever.

74. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

75. Recovery by the plaintiff is barred, in whole or in part, by accord and satisfaction.

76. The complaint fails to state a claim upon which relief may be granted.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

October 5, 2007 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on October 5, 2007, a copy of the foregoing "DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier