IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CH2M HILL HANFORD GROUP, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-494C |
| THE UNITED STATES, | ) | (Chief Judge Damich) |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS COUNT IV OF THE COMPLAINT

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court dismiss count IV of the complaint (paragraphs 67 through 72) for failure to state a claim upon which relief may be granted. On the face of the complaint, the claim is defective.

## I. As A Matter Of Law, A Claim For Reformation Cannot Be Based Upon Allegedly Mistaken Predictions

A contract will not be reformed because a contractor reaches the conclusion, after contract award and performance, that the contract provisions are not fair, or, at least, not as favorable to the contractor as it originally believed. Manufacturer's Finance Company v. McKey, 294 U.S. 442, 449 (1935) (in the absence of fraud, accident, or mistake, a court of equity cannot change the terms of a contract); accord American President Lines, Ltd. v. United States, 821 F.2d 1571, 1582 (Fed. Cir. 1987).

Reformation of contract terms is only available to correct certain mistakes or illegal actions, and so conform the contract to the real intent of the parties:

> The purpose and function of the reformation of a contract is to make it reflect the true agreement of the parties on which there was a meeting of the minds.

American President Lines, Ltd. v. United States, 821 F.2d at 1582; accord Atlas Corporation v. United States, 895 F.2d 745, 750-51 (Fed. Cir. 1990); American Telephone and Telegraph Company v. United States, 307 F.3d 1374, 1381 (Fed. Cir. 2002); see Dairyland Power Cooperative v. United States, 16 F.3d 1197, 1202-03 (Fed. Cir. 1994) (elements of mutual mistake).

As a matter of law, reformation is not available when the parties to a contract merely share a mistaken prediction of future events:

> To establish a mutual mistake of fact, however, the party seeking reformation must show that the parties to the contract held an erroneous belief as to an *existing* fact. Id. The availability of commercial reprocessing in the future cannot constitute an existing fact at the time of the 1973 sale contract. "A party's prediction or judgment as to events to occur in the future, even if erroneous, is not a "mistake" as that word is defined [under the doctrine of mutual mistake of fact]." Restatement (Second) of Contracts § 151 cmt a (1981) . . .

Dairyland, 16 F.3d at 1202-03 (italics and brackets in original); accord Atlas, 895 F.2d at 750-51 (no reformation where parties had mutually mistaken expectations about future mine waste remediation obligations).

## II. Count IV Is Premised Upon A Mutually Mistaken Prediction

The complaint states, in relevant part:

> DOE and CH2M HILL were mutually mistaken in their belief as to whether the levels of funding set forth in Table B-1 would be made available by Congress in order to support the level of fee set forth in that table.

Complaint, ¶ 69 (emphasis added).[1] Count IV of the complaint seeks reformation based upon "the above fact," i.e., the mistaken prediction alleged in paragraph 69. Complaint, ¶ 70.

Count IV fails to state a claim upon which relief may be granted because it is based upon an alleged mutually mistaken prediction of future events. Dairyland, 16 F.3d at 1202-03; Atlas, 895 F.2d at 750-51.

## CONCLUSION

For the reasons stated above, we respectfully request that Count IV of the complaint be dismissed, with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

[1] "Complaint" means the complaint filed in this action on July 2, 2007.

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

October 5, 2007 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on October 5, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS COUNT IV OF THE COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier