**BEFORE THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Washington, D.C.**

| | |
|---|---|
| **CH2M HILL Hanford Group, Inc.**<br>***Plaintiff,***<br>***v.***<br>**The United States,**<br>***Defendant.*** | **No. 07-494C**<br>**(Chief Judge Damich)** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE THIS ACTION WITH CBCA NO. 708**[1]

Pursuant to R.C.F.C. 7.2(a), Plaintiff CH2M HILL Hanford Group, Inc. ("CH2M HILL") respectfully submits this opposition to the motion by Defendant United States to consolidate this action with the appeal pending before the Civilian Board of Contract Appeals ("CBCA") and docketed as CBCA No. 708. Defendant's motion should be denied because: (1) the claims before this Court and the CBCA are not duplicative and involve separate contract clauses and issues; (2) the CBCA has already made significant progress on the claim before it, while the proceedings in this Court are in the early stages; (3) resolving the claims together would not result in efficiencies because the case before this Court (*i.e.,* the "Funding Appeal") involves witnesses and evidence located in Washington, D.C., while CBCA No. 708 (*i.e.,* the "Vapors Appeal") involves witnesses and evidence located approximately 2,500 miles away, in Richland, Washington; and (4) there is little likelihood of inconsistent results being reached.

For the above reasons, which are discussed more fully below, CH2M HILL submits that the Funding Appeal before this Court and the Vapors Appeal before the CBCA should not be consolidated. However, to the extent that the Court determines

---

1 The caption of Defendant's motion incorrectly refers to CBCA 708 as a "companion case."

that the cases should be consolidated, CH2M HILL submits that the appeals should be consolidated in the CBCA and not in the Court because, among other reasons, the CBCA was the forum that CH2M HILL selected first and the judge assigned to CH2M HILL's CBCA appeal has specialized experience adjudicating disputes arising under Department of Energy ("DOE") contracts.

**Summary of Argument**

It is well-established that the plaintiff is the master of his claim and his forum selection must be given deference except in limited situations. *See generally Lowdermilk v. U.S. Bank National Ass'n,* 479 F.3d 994 (9th Cir. 2007); *Morgan v. Gay*, 471 F.3d 469 (3rd Cir. 2006); *Turgeau v. Administrative Review Bd.*, 446 F.3d 1052 (10th Cir. 2006) (all holding that a plaintiff may craft its complaint to invoke the jurisdiction of state court and avoid removal to federal court). Consistent with this general rule, Congress, in enacting the Contract Disputes Act ("CDA"), gave the contractor the choice of bringing its appeal in this Court or bringing it in the cognizant agency board of contract appeals. And, it is indisputable that each contracting officer's final decision creates ***separate*** appeal rights. *See, e.g., Allied Signal, Inc. v. United States*, 941 F.2d 1194, 1196 (Fed. Cir. 1996)*.* Thus, each contracting officer's final decision results in the contractor having a new and separate forum selection decision to make, and there is no legal impediment to a contractor appealing one final decision to the Court and another final decision issued under the same contract to the CBCA.

Congress did include in the CDA a provision authorizing this Court to order the consolidation of cases. However, the legislative history of that provision makes clear that the Court "sensitive to the reasons why the suits have been split, and should not consolidate only for the sake of consolidation." Similarly, the legislative history cautions

that the Court "should not arbitrarily take away the contractor's right to his day in court by consolidating[.]" Rather, the jurisprudence of this Court, the Federal Circuit, and their predecessor courts identify six factors that should be considered before cases are consolidated: (1) whether the disputes before the board and the court concern the same contract; (2) whether the claims before the court and board duplicate claims or involve overlapping and related issues; (3) whether the plaintiff initially chose to appeal its claims before the Court or a board; (4) whether one forum or the other has already made significant progress on the claim; (5) whether concurrent resolution would result in an inefficient allocation of Court, board, and party resources; (6) whether separate forums could reach inconsistent results when interpreting the same contract.

The Defendant's Motion to Consolidate does not discuss these six factors. However, as discussed below, these factors dictate that the cases should ***not*** be consolidated. Accordingly, the Defendant's Motion should be denied.

**<u>Plaintiff's Statement of Additional Relevant Facts</u>**

The following facts regarding the current status of the Vapors Appeal are relevant to a decision on the Defendant's motion:

1. Plaintiff (referred to as "Appellant" in the CBCA proceeding) filed its notice of appeal for the Vapors Appeal with the CBCA on April 16, 2007. *See* PA1.[2]

2. The CBCA acknowledged the Vapors Appeal on the same day it was filed and issued a Notice of Docketing. *See id*.

3. Counsel for the Agency, Richard V. Gonzales, entered an appearance in the Vapors Appeal on the next day, April 17, 2007. *See* PA3.

---

2 "PA" refers to Plaintiff's Appendix filed together with this opposition.

4. On April 24, 2007, CBCA Judge R. Anthony McCann issued an "Order on Proceedings," which directed CH2M HILL to file its complaint by May 16, 2007 and directed DOE to file the administrative record (the so-called "Rule 4 File") and an answer to the complaint. The April 24th order also ordered the parties to submit a proposed discovery plan and schedule by July 11, 2007. PA4-6.

5. DOE filed the Rule 4 File on May 14, 2007. PA7.

6. CH2M HILL filed its Complaint on May 16, 2007 as ordered. PA8.

7. On June 14, 2007, CH2M HILL filed a "Supplemental Appeal File" to supplement the Rule 4 File. PA9-10.

8. DOE filed its first Answer to the Complaint on June 14, 2007.[3] PA11.

9. All of the events in the Vapors appeal described in the preceding eight paragraphs occurred before the Funding Appeal was filed in this Court on July 2, 2007.

10. On July 10th, the parties filed a "Joint Status Report and Proposed Scheduling Plan." PA12-13 (facsimile transmission sheet and first page).

11. On July 19, 2007, CBCA Judge McCann held a conference call with the parties to establish a schedule for the case. On July 26, 2007, Judge McCann issued a "Prehearing Order/Notice of Hearing" memorialized the following schedule that had been agreed to in the conference call:

- Expert witnesses to be designated and reports provided by February 29, 2008;
- Voluntary discovery to be completed by April 30, 2008;
- Witness lists to be exchanged by August 20, 2008;

[3] DOE later filed an Amended Answer.

- Supplements to the appeal file to be filed and exhibit lists exchanged by September 26, 2008;
- Objections to appeal file supplements and to proposed exhibits to be filed by October 10, 2008;
- Prehearing conference to be held on October 16, 2008; and
- Hearing to commence in Richland Washington on October 27, 2008.

PA14-16.

12. On September 25, 2007, CH2M HILL served its First Set of Interrogatories on DOE in the Vapor Appeal. PA17.

13. All of the events in the Vapors appeal described in the preceding twelve paragraphs occurred before the Defendant filed its Answer, Motion to Dismiss, and Motion to Consolidate in this Court on October 5, 2007.

14. Under the CBCA's rules, DOE's objections to CH2M HILL's First Set of Interrogatories in the Vapors Appeal, if any, were due on October 10, 2007. No such objections have been filed and counsel for DOE has informed counsel for CH2M HILL that answers to the interrogatories are being prepared. Under the CBCA's rules, DOE's answers to CH2M HILL's interrogatories are due on October 25, 2007.

15. The first deposition in the Vapors Appeal has been noticed for October 29, 2007. Declaration of Daniel B. Cartmell, CH2M HILL's Vice President and Chief Financial Officer ("Cartmell Declaration") ¶ 19.

**Counter-Statement of Facts**

Defendant asserts on page 3 of its motion that "It is [Defendant's] understanding that the following facts [in Defendant's Statement of Facts] are undisputed." In reality, parts of Defendant's Statement of Facts are disputed.[4]

On page 5, Defendant asserts that: "Both complaints challenge the general administration of the contract." That is not an accurate characterization of either dispute. As noted in Mr. Cartmell's Declaration, the Vapors Appeal arises from a letter that the DOE Contracting Officer sent to CH2M HILL on March 26, 2004. The letter was entitled "Direction of Tank Farm Work" and directed CH2M HILL to take six specific actions that changed the Contract. Cartmell Declaration ¶ 42. CH2M HILL is not challenging DOE's administration of the contract, including DOE's right to issue changes under the Contract's Changes clause. *Id.*

Likewise, the Funding Appeal does not "challenge the general administration of the contract." Rather, the Funding Appeal seeks compensation for the changes, constructive changes or breach of contract that occurred when DOE failed to honor its obligations under specific contract clauses. *See* Cartmell Declaration ¶ 43.

On page 6 of its motion, the Defendant implies that the Vapors Appeal and the Funding Appeal seek the same damages, *i.e.,* that they each seek the same fee that CH2M HILL could have earned for cleaning the same tanks. This is incorrect. As discussed below, the two cases are not seeking the same fee for the same tanks.

---

[4] Paragraphs 41-47 of the attached Cartmell Declaration describe most of CH2M HILL's disagreements with the Defendant's Statement of Facts. Here, we address only those disputed "facts" which CH2M HILL believes are material to the motion to consolidate that is presently before the Court.

The area in which the Government claims there is an overlap relates to Performance Based Incentive (PBI) 3.3.c. PBI 3.3.c covered waste retrieval from 15 uncleaned Single Shell Tanks. The Vapors Appeal includes fee associated with four of those fifteen tanks. The Funding Appeal includes fee associated with four separate (additional) tanks out of the fifteen. Had DOE provided funding, CH2M HILL would have been able to earn the fee associated with all eight of those tanks (four associated with the Vapors Claim and four associated with the Funding Appeal).[5] Therefore, the Government's argument that the claims overlap because each covers four tanks is wrong. Cartmell Declaration ¶ 30.

Indeed, the Defendant's Motion to Consolidate acknowledges in passing that the Funding Appeal does not seek all of the outstanding PBI 3 fee. As shown on page A24 of the appendix to Defendant's motion, $12.275 million in potential fee remains unearned under PBI 3. Yet, as the Defendant's motion recognizes, the Vapors Appeal and the Funding Appeal ***combined*** seek only $6 million (approximately) for cleaning tanks.[6] Thus, the Defendant's argument that CH2M HILL is seeking duplicative recoveries is contrary to the facts.

**<u>Discussion</u>**

The CDA recognizes a contractor's right to decide, in the first instance, where its appeal of a contracting officer's final decision will be filed. *See Placeway Constr. Corp.*

---

[5] To be clear, the damages CH2M HILL is seeking are not the fee associated with cleaning the tanks, which in fact were not cleaned. Rather, CH2M HILL's damages are the equivalent amount that CH2M HILL could have earned if DOE had not prevented CH2M HILL from retrieving waste from the tanks. DOE prevented four tanks from being cleaned by its changes described in the Vapors Appeal, and it prevented another four tanks from being cleaned by its actions described in the Funding Appeal.

[6] The remainder of the damages sought by CH2M HILL's claims do not relate to PBI 3 at all.

*v. United States*, 920 F.2d 903, 907 (Fed. Cir. 1990). First, section 7 of the CDA, 41 U.S.C. § 606, states:

> Within ninety days from the date of receipt of a contracting officer's decision under section 605 of this title, the contractor may appeal such decision to an agency board of contract appeals[.]

Then, section 10 of the CDA states:

> Except as provided in paragraph (2) [relating to Tennessee Valley Authority contracts], and in lieu of appealing the decision of the contracting officer under section 605 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary.

41 U.S.C. § 609(a). The Federal Acquisition Regulation ("FAR") directs contracting officers to inform contractors of this choice when issuing final decisions. FAR § 33.211(a)(4)(v). A final decision that does not inform the contractor of this choice may be held to not begin the running of the statute of limitations for appealing that decision. *See Decker & Company v. West*, 76 F.3d 1573, 1579-80 (Fed. Cir. 1996); *Ra-Nav Laboratories, Inc.*, ASBCA No. 49211, 96-2 BCA ¶ 28,514 at 142,396, *recons. denied,* 97-1 BCA ¶ 28,650, *aff'd*, 137 F.3d 1344 (Fed. Cir. 1998).

At the same time, the CDA grants this Court the right to transfer a case that the contractor filed in one tribunal to the other tribunal. Thus, section 10(d) of the CDA states:

> If two or more suits arising from one contract are filed in the United States Court of Federal Claims and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Court of Federal Claims may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.

41 U.S.C. § 609(d). The legislative history to section this provision explains that the provision--

> sets in motion a process whereby the Court of Claims, for the convenience of parties and witnesses, may order the consolidation of suits arising from one contract in the Court of Claims or transfer from the court to or among agency boards that may be involved. It is the intent of the committees that splitting of the causes of action, or suits, under one contract be kept to a minimum both within the Court of Claims and within the boards. ***For example, a $40,000 suit cannot and should not be able to be split into four $10,000 suits that could be handled through the expedited small claims procedure***. The boards should have the authority to consolidate these suits ***when they clearly arise from the same cause of action***. Conversely, it is intended that the Court of Claims have the same ultimate authority to consolidate suits that are split between the court and the agency boards, ***but the committees specifically recommend that the Court of Claims be sensitive to the reasons why the suits have been split, and should not consolidate only for the sake of consolidation***. For example, a contractor may have a large and complex claim and wish to take it directly to the Court of Claims. While the case is pending before the court, a smaller claim under the same contract, and possibly the same suit, arises and the contractor wishes to expedite the resolution of that claim through the agency board under the small claims procedure or possibly the accelerated procedure, which would both be considerably shorter than direct action in court. Under these circumstances, the court should allow for the splitting of the claim between the two jurisdictions (the court and the board).
>
> The Court of Claims, when reviewing the decision to consolidate, should not arbitrarily take away the contractor's right to his day in court by consolidating two suits in the agency boards, and thus forcing one suit out of the court. ***It is the intent of the section to make available the opportunity to consolidate like suits in one jurisdiction, but this action should weigh the positions of the parties involved***.

Senate Report No. 95-1118 (*reprinted in* Revision Notes and Legislative Reports to 41 U.S.C.A. § 609) (emphasis added).

In applying the consolidation provision of the CDA, the courts have developed a six factor test. These factors are:

> (1) Whether the disputes before the board and the court concern the same contract.
>
> (2) Whether the claims before the court and board duplicate claims or involve overlapping and related issues.
>
> (3) Whether plaintiff initially chose to appeal its claims before a court or a board.
>
> (4) Whether one forum or the other has already made significant progress on the claim.
>
> (5) Whether concurrent resolution would result in an inefficient allocation of court, board, and party resources.
>
> (6) Whether separate forums could reach inconsistent results when interpreting the same contract.

*Giuliani Contracting Co. Inc. v. United States.*, 21 Cl. Ct. 81, 83 (Cl. Ct. 1990) (citations omitted). *See also Rockwell Automation, Inc. v. United States*, 70 Fed. Cl. 114, 126-28 (2006) (citing cases).

The Defendant's Motion to Consolidate acknowledges the existence of this six factor test, but never discusses it. *See* Motion to Consolidate at 8. As discussed below, most of the factors support a decision ***not*** to consolidate the Vapors Appeal and the Funding Appeal.

**I. The disputes before the CBCA and the Court do concern the same contract, but different clauses of the contract.**

The mere fact that two claims arise under the same contract is not a reason to consolidate them. *Accord Placeway Constr. Corp. v. United States*, 920 F.2d at 907; Senate Report No. 95-1118 (quoted above). Here, the Vapors Appeal and the Funding

Appeal do arise under the same contract, but require the interpretation of different contract clauses.

Specifically, the primary Contract clause relevant to this case (the Funding Appeal) is Section B.3. Cartmell Declaration ¶ 26. In contrast, the primary clauses relevant to the Vapors Appeal are Sections C.1, C.2 and C.3. *Id.* ¶ 18. Because the cases involve different contract clauses, they are "analytically different." *Precision Pine & Timber, Inc. v. United States*, 45 Fed. Cl. 134, 136 (1999).

Moreover, to the extent that there turns out to be some overlap of contract clauses between the two cases, that does not necessarily require consolidation. The Funding Appeal and the Vapors Appeal do not "***clearly*** arise from the same cause of action," which is the standard articulated in the legislative history quoted on page 9 above (emphasis added). That legislative history demonstrates that cases should be consolidated when the separation is ***artificial***, for example, to prevent a $40,000 suit from being split into four $10,000 suits that could be handled through the expedited small claims procedure. Thus, consolidation may be ordered to prevent a contractor from subverting the certification requirements of the CDA by splitting its claims. *Placeway Constr. Corp. v. United States*, 920 F.2d at 907. Also, the Court has ordered consolidation where a plaintiff appeared to be forum shopping. For example, in *Giuliani Contracting Co. Inc. v. United States.*, 21 Cl. Ct. at 83, the Court found that the case before it should be consolidated with certain Armed Services Board of Contract Appeals ("ASBCA") cases because the ASBCA cases had been filed earlier and the contractor had only filed its latest case in the Claims Court because things seemed to be going against it at the ASBCA.

None of these circumstances is present here. The separation of CH2M HILL's two cases is not artificial, and both claims were certified pursuant to the CDA. The two claims were always separate. Each claim originally was presented to DOE as a separate REA – the Vapors REA in September 2005, and the Funding REA in November 2005. Cartmell Declaration ¶¶ 13 & 23. (Notice of the Vapors REA had been given even earlier, in July 2005. Cartmell Declaration ¶ 12.)

Contract extension negotiations that might have resolved the REAs were completed with the issuance of Contract Modification M120 on September 26, 2006. That modification did not resolve either REA, and the DOE Contracting Officer confirmed in a letter dated the same day that the REAs had not been resolved. Rather, the letter encouraged CH2M HILL to "follow procedures provided within the bounds of existing contract language." CH2M HILL understood that to mean that its only remaining recourse was to file certified claims. And, the issuance of the contract extension in September 2006 forced CH2M HILL to change the form of relief that it was requesting from reallocation of fee among achievable work scope activities, which had been requested in the REAs, to cash payment of fee, which was requested in the certified claims. Cartmell Declaration ¶ 33-34.

The above factors are what led to the Vapors Claim and Funding Claim both being certified and submitted separately on October 12, 2006. Cartmell Declaration ¶ 35. This does not change the fact that the claims are, and always were, separate. DOE understood this. Indeed, when the Contracting Officer denied the Vapors Claim in a final decision issued on February 7, 2007, her transmittal letter for the Vapors Claim final decision stated that additional time was needed to review the Funding Claim due to

its complexity. DOE could have issued one unified final decision on the two claims. It did not. This was an implied admission that DOE recognized the separateness of the two claims.

Accordingly, this factor does not support consolidation.

## II. The claims before the court and board do not duplicate claims and primarily involve different issues.

Although both the Vapors Appeal and the Funding Appeal deal with CH2M HILL's being prevented from earning fee under the Contract, the bases for the two appeals are "analytically different." *Cf. Precision Pine & Timber, Inc. v. United States*, 45 Fed. Cl. at 136. And, the cases involve different "operative facts." *See Placeway Constr. Corp. v. United States*, 920 F.2d at 907.

The Vapors Appeal arises from a specific ordered change to the Contract. Cartmell Declaration ¶ 10. The ultimate issue in the Vapors Appeal is whether the Contract as it existed on March 26, 2004 required CH2M HILL to take certain actions relating to so-called "Legacy Vapor Issues" or whether DOE's direction to CH2M HILL to take those actions was a change. *Id.* ¶ 19. The Vapors Appeal arose from events that occurred in 2004. *Id.* ¶ 10.

In contrast, the Funding Appeal arises from DOE's failure to request the appropriate level of funding from Congress for Fiscal Year 2006 and from the addition of work over a four-year period, not including the Vapors-related change ordered on March 26, 2004. Cartmell Declaration ¶¶ 21-22. The ultimate issues in the Funding Appeal (*i.e.*, this lawsuit) are: (1) whether the Contract required DOE to make good faith efforts to obtain a certain funding level from Congress; (2) whether DOE made the required efforts; and (3) whether DOE's failure to provide enough funding and DOE's ordering of

$53 million of additional work deprived CH2M HILL of the ability to earn the base incentive fee provided for in the contract. *Id.* ¶ 27.

Significantly, at no time during its consideration of CH2M HILL's claims did the Government assert that the two claims contained duplicative damages. Cartmell Declaration ¶ 40. DOE's respective final decisions on the Vapors Claim and the Funding Claim do not assert that the two claims overlap. As noted above, DOE could have issued one unified final decision on the two claims. It did not. DOE could have argued that the claims were duplicative. It did not. DOE apparently understood and agreed with CH2M HILL's statement that the claims did not contain duplicative damages. Accordingly, this factor also does not support consolidation.

## III. The plaintiff initially chose to appeal before a board.

This Court has held that this factor is more relevant to ***where*** cases will be consolidated than to ***whether*** they will be consolidated. *Precision Pine & Timber, Inc. v. United States*, 45 Fed. Cl. at 137. CH2M HILL chose the CBCA as the forum for its first appeal, *i.e.,* the Vapors Appeal. Thus, if there is to be a consolidation – which CH2M HILL submits should not occur – the cases should be consolidated at the CBCA and not in this Court.[7]

## IV. The CBCA has already made significant progress on the claim.

This factor considers both the actual progress made and the likely schedule for the remainder of the cases. *See Precision Pine & Timber, Inc. v. United States*, 45 Fed. Cl. at 137. As noted above, the Vapors Appeal is already in the discovery stage. The

---

[7] The Court has the power to transfer a case to a board of contract appeals even when the contractor initiated its Court case more than 90 days after the final decision was issued. *Glenn v. United States*, 858 F.2d 1577 (Fed. Cir. 1988).

parties have exchanged initial exhibits in the form of the Rule 4 File and the Supplemental Appeal File. Interrogatories have been served and the deadline for DOE to object to them has passed. DOE's answers to interrogatories are due on October 25, 2007. Also, a deposition in the Vapors Appeal has been noticed for October 29, 2007. Finally, a trial already has been scheduled in the Vapors Appeal. In short, both the parties and the CBCA already have a significant investment in the Vapors Appeal.

In contrast, the Funding Appeal in this Court has not progressed very far. As in *Precision Pine & Timber, Inc. v. United States*, where this Court denied the Government's motion to consolidate, the parties to this lawsuit have yet to propose a discovery schedule. 45 Fed. Cl. at 137. Instead, as the docket reflects, after CH2M HILL filed its complaint on July 2, 2007, the Defendant responded with motions for extensions of time to answer on August 29th, September 12th and September 26th. CH2M HILL did not oppose those motions and is not questioning the legitimacy of the grounds given for those motions. Nevertheless, the Court may take judicial notice that such motions are routinely filed by Government attorneys in this Court. As this Court said in *Precision Pine & Timber*, "It would be unfair to the contractor to deny it quick resolution on its appeal by entangling it with this lawsuit." 45 Fed. Cl. 137. *See also Northrop Grumman Corp. v. United States*, 70 Fed. Cl. 230 (2006) (consolidation denied where Board case was already in discovery).

**V. Concurrent resolution would not result in an inefficient allocation of court, board, and party resources.**

This factor looks at whether proceeding on two separate fronts would duplicate the efforts and resources of the parties and the judiciary. *Rockwell Automation, Inc. v. United States*, 70 Fed. Cl. at 128. Because the issues now before the CBCA and this

Court are different and involve separate provisions of the contract, this factor also weighs against consolidation. *See id.*

Not only do the two cases involve different contract clauses to a large extent, they will involve different witnesses.[8] CH2M HILL understands that the decision about how much money to request from Congress is made by DOE Headquarters. Thus, many of the witnesses in the Funding Appeal are likely to be found in Washington, D.C., including DOE budget officials. Cartmell Declaration ¶ 28. In contrast, the ultimate issue in the Vapors Claim appeal is whether the Contract required CH2M HILL to take certain actions relating to so-called "Legacy Vapor Issues" or whether DOE's direction to CH2M HILL to take those actions was a change. Thus, many of the witnesses in the Vapors Appeal case are likely to be in the Richland, Washington area. *Id.* ¶ 19. For that very reason, the CBCA has scheduled the trial in the Vapors Claim appeal to be held in Richland. *Id.*

Finally, the subject matter of the two cases makes each one appropriate for resolution in a different forum. The Vapors Appeal arises from a traditional contract change. While this Court is, of course, experienced with such matters, Judge McCann of the CBCA has specialized experience relating to ***DOE contracts*** as a result of his

---

[8] This is not to say that there will not be any duplication. For example, the same contracting officer signed both final decisions and will be a witness in both cases. However, there is little added efficiency to be gained from deposing her once for two days versus twice on one day each since the deposition(s) would likely take place near her office. Defendant's counsel would not be inconvenienced by being required to travel twice since he does not represent DOE in the Vapors Appeal. The only person who would be inconvenienced would be CH2M HILL's counsel, and that is CH2M HILL's choice to make. *See also Precision Pine & Timber, Inc. v. United States*, 45 Fed. Cl. at 138 (the fact that there are multiple Government attorneys involved does not play a role in a decision whether to consolidate).

nine years on the DOE Board of Contract Appeals.[9] In contrast, the Funding Appeal involves global Government contracting issues, in particular, the relationship between the Federal budget process and specific contracts. That is an issue more appropriate for resolution by this Court. *See Rockwell Automation, Inc. v. United States*, 70 Fed. Cl. at 127-28 (denying consolidation in part because Energy Board of Contract Appeals already had experience with the type of contract at issue whereas the Court "would have to climb a much steeper learning curve.").

Accordingly, this factor also does not support consolidation.

**VI. There is little risk that the separate forums would reach inconsistent results when interpreting the same contract.**

Finally, because of all of the differences between the cases that have been discussed above, there is little risk that the separate forums would reach inconsistent results when interpreting the same contract. In particular, as noted above, this Court will be interpreting Contract section B.3, while the CBCA will be interpreting sections C.1, C.2 and C.3.

The Defendant's Motion to Consolidate asserts that the two claims are seeking the same damages and that there is a risk of either inconsistent results or duplicate recoveries. That assertion is wrong. The subject matter of the Contract was cleaning tanks. So, of necessity, both claims have a relationship to tanks. And, under the Contract, CH2M HILL earned fee by accomplishing the work described in PBIs. Therefore, of necessity, both claims have a relationship to PBIs. However, as noted in footnote 5 above, the claims are not about tanks. The Vapors Appeal relates to the fee that CH2M HILL was prevented from earning as a result of being directed to deal with

---

9 *See* http://www.cbca.gsa.gov/jures304.htm#R._ANTHONY_McCANN.

Vapors coming from tanks. The Funding Appeal relates to the fee that CH2M HILL was prevented from earning as a result of DOE's failure to request funds necessary to perform both the original Contract work and changes ordered by DOE. Thus, while both claims request fee that DOE prevented CH2M HILL from earning, there is no overlap in that fee.

Finally, the CBCA trial that has been scheduled in the Vapors Appeal will deal only with entitlement, not quantum. *See* PA19. To the extent that the Defendant still believes at the quantum stage that there is a risk of duplicate recoveries, it will be free at that point to move for consolidation of the quantum phases of the two cases.

## Conclusion

For the foregoing reasons, Defendant's Motion to Consolidate should be denied and the cases should not be consolidated. There is no reason here to deprive Plaintiff of its choice of forums. However, if the Court determines that the cases should be consolidated, CH2M HILL submits that the appeals should be consolidated in the CBCA and not in the Court.

Dated: October 22, 2007

Respectfully submitted,

CH2M HILL Hanford Group, Inc.

By: /s/ Kenneth B. Weckstein
Kenneth B. Weckstein
Epstein Becker & Green, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Telephone: (202) 861-1860
Facsimile: (202) 861-3560
kweckstein@ebglaw.com

Counsel of Record for Plaintiff

Of Counsel:

Shlomo D. Katz
Epstein Becker & Green, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Telephone: (202) 861-1860
Facsimile: (202) 861-3509
skatz@ebglaw.com

Stanley J. Bensussen
Chief Counsel
CH2M HILL Hanford Group, Inc.
P.O. Box 1500, MSIN H6-18
Richland, WA 99352
Telephone: 509-372-3800
Facsimile: 509-372-1397