IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CH2M HILL HANFORD GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-494C |
| | ) | |
| THE UNITED STATES, | ) | (Chief Judge Damich) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION FOR
EXPEDITED CONSIDERATION OF DEFENDANT'S MOTION
TO CONSOLIDATE IN THIS COURT, A COMPANION CASE,
CURRENTLY PENDING BEFORE THE CIVILIAN BOARD OF CONTRACT APPEALS

In reply to the response filed by the plaintiff, CH2M Hill Hanford Group, Inc. (CH2M), earlier today, defendant, the United States, acknowledges that CH2M has taken five depositions in the board case since we filed our motion for consolidation.

We view CH2M's decision to rapidly press for depositions in the board case as unfortunate. CH2M's actions might be viewed as an effort to deter a reasonable decision to consolidate these cases before this Court by creating a "factor" to be weighed in this Court's decision-making process.

More importantly, CH2M's discovery is a minor consideration when weighed against the larger issue raised by our motion to consolidate: the need to consolidate liability and damages issues before this Court to permit a rational consideration of related matters.

As demonstrated in our motion to consolidate, damages may not be coherently assessed until some total amount of additional funding owed is calculated, and a single evaluation is conducted

to determine what fee likely would have been earned with that amount of additional funding. It is important to note that there is only a single schedule for incentive fee. If hypothetical performance by CH2M is to serve as the basis for evaluating what fee would have been earned pursuant to that schedule, it is important that a single hypothetical performance is assumed for both cases. It is irrational to assume one hypothetical performance for one case, and a different hypothetical performance for the second case.

The only way to rationally evaluate CH2M's damages (if any) is to consider its claims together. This factor is far more important than CH2M's recent depositions.

The two cases present common issues of liability, causation and damages. They should be consolidated before this Court.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

December 12, 2007 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on December 12, 2007, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR EXPEDITED CONSIDERATION OF DEFENDANT'S MOTION TO CONSOLIDATE IN THIS COURT, A COMPANION CASE, CURRENTLY PENDING BEFORE THE CIVILIAN BOARD OF CONTRACT APPEALS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier