IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CH2M HILL HANFORD GROUP, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-494C |
| THE UNITED STATES, | ) | (Chief Judge Damich) |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Appendix A of the Rules of the United States Court of Federal Claims (RCFC) as modified by Chief Judge Damich's Special Procedures Order, plaintiff, CH2M Hill Hanford Group, Inc. (CH2M HILL), and defendant, the United States, respectfully submit this Joint Preliminary Status Report (JPSR).

**4(a) Does the court have jurisdiction over the action?**

CH2M HILL states that the court has jurisdiction pursuant to 28 U.S.C. § 1491(a) and pursuant to the Contract Disputes Act, 41 U.S.C. § 609(a). Plaintiff filed a properly certified claim under the Contract Disputes Act, 41 U.S.C. §§ 601-613 on October 12, 2006, and DOE issued a final decision denying CH2M HILL's claim in its entirety on February 28, 2007.

Defendant states that it is not presently aware of anything that would prohibit the Court from exercising jurisdiction over matters alleged in the complaint pursuant to section 609 of the Contract Disputes Act, 41 U.S.C. § 601, et seq. (CDA), and the Tucker Act, 28 U.S.C. § 1491(a).

**(b) Should the case be consolidated with any other case and the reasons therefore?**

The parties disagree.

(1) CH2M HILL’s Position:

CH2M HILL objects to consolidation for the reasons set forth in "Plaintiff's Opposition to Defendant's Motion to Consolidate this Action with CBCA No. 708" filed October 22, 2007 (Docket #13). CH2M HILL further informs the Court that since the filing of that opposition, discovery has proceeded rapidly in CBCA 708. Specifically, CH2M HILL already has taken five depositions in CBCA 708 and is scheduled to take a sixth deposition on January 10, 2008. Also, at the time CH2M HILL filed its opposition, the Government's answers to interrogatories were pending in CBCA 708. Since then, the Government has served answers and supplemental answers to those interrogatories. CH2M HILL is continuing to take discovery in CBCA 708. In addition, on January 4, 2008, the United States served discovery requests on CH2M HILL in CBCA 708 and CH2M HILL is preparing responses to those requests.

(2) The United States’ position:

The United States strongly supports consolidation with the board case for the reasons set forth in our motion to consolidate, and in our reply brief. In summary, consolidation is necessary because there are overlapping issues of liability and damages.

**(c) Should trial of liability and damages be bifurcated, and the reasons therefore?**

The parties disagree.

(1) CH2M HILL’s position:

CH2M seeks bifurcation, and asserts the following. If the Court rules in CH2M HILL's favor on liability, the parties, hopefully, would reach settlement on damages. If the Court rules in the Government's favor on liability, there would be no damages. Liability may be decided on summary judgment.

(2) The United States’ position:

The United States strongly opposes bifurcation. Discovery and trial should include issues of causation and damages. Indeed, the additional context provided by a review of causation and damages is particularly important in this case, where CH2M seeks to receive payments for work never performed and incentive fee goals never achieved.

**(d) Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefore?**

No. Regarding whether there is any basis for transferring or remanding the case to another tribunal and whether the parties are aware of any related cases in this or any other tribunal, the parties’ respective positions are the same as in 4(b) above.

**(e) In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration?**

No.

**(f) Will additional parties be joined and, if so, a statement describing such parties, their relationship to the**

**case, and the efforts to effect joinder and the schedule proposed to effect joinder?**

No.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56, and, if so, a schedule for the intended filing?**

The parties disagree.

CH2M HILL may file a motion for summary judgment following discovery. CH2M HILL requests that any dispositive motions be due within sixty (60) days after the close of discovery.

The United States currently expects trial to be necessary.

**(h) What are the relevant issues?**

The parties respectfully submit the following separate statements of relevant factual and legal issues.

(1) Statement by CH2M

CH2M submits that the case presents mixed issues of law and fact, as follows:

a. Whether the Government was obligated by contract and/or law to provide a certain level of funding or, at least, to make a good faith effort to provide a certain level of funding.

b. Whether the Government was obligated by contract and/or law to provide an adequate level of funding in order that CH2M HILL could perform a certain level of fee-bearing work or, at least, whether the Government was obligated by contract and/or law to make a good faith effort to provide that level of funding.

c. Whether the Government in fact provided or, at least, made the good faith effort to provide the required level of funding.

d. Whether the Government added work to the contract that diverted funding that CH2M HILL otherwise would have used to perform fee-bearing work.

e. Whether the contract should be interpreted to incorporate the Government-approved baseline into the contract's statement of work.

f. Whether CH2M HILL had a contractual right to perform fee-bearing work in accordance with the schedule and funding assumptions specified in the contractually required, Government-approved baseline.

g. Whether the United States was obligated to reallocate fee or otherwise make equitable adjustments to the contract language so that CH2M HILL would not be prevented from earning a total of $72 million as set forth in the contract.

h. What damages CH2M HILL suffered as a result of the failure of the United States to meet its contractual obligations.

(2) Statement by the United States

Factual Issues

The principal factual issues are as follows:

a. Was CH2M HILL's failure to accomplish all of its incentive fee goals due to its own inefficiencies and mismanagement in performing its contractual obligations?

b. Were CH2M HILL's initial assumptions about the schedule necessary to achieve all of its incentive fee goals reasonable assumptions?

c. What was the critical path for the achievement of work to satisfy CH2M HILL's incentive fee goals?

d. What deviations from the critical path occurred?

e. Who was responsible for delays to the critical path?

f. To what extent did inefficiencies in CH2M HILL's performance reduce the amount of money available to perform work necessary to achieve incentive fee goals?

<u>Legal Issues</u>

The principal legal issues are as follows:

g. Whether CH2M HILL should be permitted to offer extrinsic evidence in order to alter or supplement the contract language?

h. Whether the United States ordered CH2M to perform work outside the scope of the contract?

i. Whether the technical work scope in the contractor produced baseline supplants section C of the contract as the scope of work for the contract?

j. Whether the cost, scope, schedule and assumptions documented in the contractor produced baseline represent a fixed set of commitments by the Government regarding the conditions of performance?

k. Assuming for the sake of argument that the United States ordered CH2M to perform work outside the scope of the contract, whether CH2M suffered any damages, where all costs reasonably incurred by CH2M were reimbursed by the United States?

l. Whether the United States had an obligation under the contract to request a specific amount of appropriations from Congress to fund the contract?

m. Assuming for the sake of argument that the United States had an obligation under the contract to request a specific amount of appropriations from Congress to fund the contract, whether the United States breached that contract obligation?

n. Assuming for the sake of argument that the United States breached an obligation to request a certain amount of appropriations from Congress to fund the contract, whether CH2M is entitled to any payment for work not performed or incentive goals not achieved?

o. Whether the administration of the contract by the United States was unconscionable, where CH2M earned approximately $47 million in incentive fee from a maximum available fee of $72 million?

p. Assuming for the sake of argument that the administration of the contract by the United States was unconscionable, whether this Court possesses jurisdiction to grant equitable relief?

q. Assuming for the sake of argument that the administration of the contract by the United States was unconscionable, whether CH2M may recover any money, where its own performance impaired its ability to achieve incentive fee goals?

**(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

CH2M HILL states that it is willing to participate in settlement discussions, and further states that the Government has not expressed a willingness to participate in such discussions. CH2M HILL also is willing to participate in any non-binding alternative dispute resolution proceeding in an effort to settle the case or narrow the issues.

The United States states that settlement is unlikely where the plaintiff seeks payment for work not performed and incentive fee goals not achieved, and further states that alternative dispute resolution proceedings would be unlikely to assist the parties in this case. The United States states that no alternative dispute resolution proceeding is planned.

**(j) Do the parties anticipate proceeding to trial? Does any party or do the parties jointly request expedited trial scheduling?**

CH2M HILL may file a motion for summary judgment regarding liability following discovery, but anticipates that trial could be required regarding damages.

The United States anticipates the need for trial. Even though the contract contains no express requirement that the

United States designate any amount of funding for "fee seeking activities" (and so the complaint should properly be dismissed for failure to state a claim), the United States anticipates that CH2M Hill will seek to present extrinsic evidence to alter or supplement the language of the contract. Assuming for the sake of argument that the Court permits such factual issues to be raised, it is in the interests of justice and judicial economy to consider all factual issues (including issues of causation and damages) in a single trial.

Neither party requests expedited trial scheduling.

**(k) Are There Special Issues Regarding Electronic Case Management Needs?**

No.

**(l) Is there any other information of which the court should be aware at this time?**

Counsel held the early meeting of counsel on January 9, 2008. Initial disclosures will be exchanged no later than February 8, 2008.

**5. Proposed Scheduling Plan**

The parties were unable to agree upon a joint schedule request. Accordingly, each party has provided its own proposal. To enable the Court to compare the schedules more easily, we have presented contrasting dates side by side.

**i. The requested place of trial (and of hearings in general); the anticipated duration of trial; and the earliest date by which the case can reasonably be expected to be ready for trial:**

The parties agree that trial should be held in Washington, D.C.

CH2M HILL estimates that, if the case is not resolved on summary judgment, trial of liability issues will take three (3) to five (5) days, and trial of damages will take an additional four (4) to seven (7) days.

The United States respectfully reports that it cannot estimate the time for trial at this time, but notes that the amount of time devoted to "liability" issues is likely to depend upon whether the Court permits CH2M Hill to offer extrinsic evidence to alter or supplement the contract language.

The earliest date by which the case can reasonably be expected to be ready for trial is:

CH2M HILL’s position: January 12, 2009;

United States’ position: January 10, 2010.

**ii. Dates for joinder of additional parties:**

Not applicable.

**iii. Whether either of the parties anticipates filing any dispositive motions. If so, the following details should be provided:**

**1. A date by which such motion will be filed:**

CH2M HILL may file a motion for summary judgment no later than sixty (60) days after the close of discovery. Based on CH2M HILL’s proposed schedule, that date would be August 15, 2008.

**2. The legal theory in support of such motion:**

CH2M HILL believes that all or part of the case will turn on contract interpretation issues, which are questions of law.

The United States anticipates that CH2M Hill will seek to rely upon extrinsic evidence to alter or supplement the contract language, and so arrive at its "contract interpretation." Thus, the United States is skeptical that summary judgment motions will be an efficient use of the time of Court and the parties.

**3. If the motion is for summary judgment, whether either party desires that expert discovery precede the motion; if so, the grounds therefor:**

Unknown at this time.

**iv. Whether the case should be conducted in phases. For example, it may be appropriate to delay the damages phase until after liability has been established:**

The parties disagree. CH2M HILL is in favor of bifurcating liability and damages. The United States opposes bifurcation. *See* 4(c) above.

**v. A date by which fact discovery will be completed. Any motion to compel, after the appropriate good faith effort to resolve the dispute, should be filed on or before this date. Accordingly, counsel must plan to serve discovery requests sufficiently before this date to permit the other side to object. In addition, advise whether the case will likely involve the discovery of classified material:**

The case is not likely to involve the discovery of classified material. Fact discovery should be completed by:

CH2M HILL's position: June 16, 2008;

United States' position: December 31, 2008.

All requests pursuant to RCFC 31, 33, 34 and 36 served after the following date shall be untimely:

CH2M HILL's position: May 16, 2008;

United States' position: November 30, 2008.

**vi. Pursuant to RCFC 26(a)(2), the dates by which each party shall disclose its expert witnesses' identities and reports (including rebuttal reports), and the dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case:**

The party with the burden of proof regarding an issue shall disclose its testifying experts, the information required by RCFC 26(a)(2), and all expert reports by:

CH2M HILL's position: July 14, 2008;

United States' position: January 31, 2009.

All rebuttal experts, required information, and expert reports shall be disclosed by:

CH2M HILL's position: August 29, 2008;

United States' position: March 15, 2009.

Each expert shall be available for deposition beginning immediately after he has filed his expert report.

**vii. The date by which expert discovery will be completed:**

CH2M HILL's position: September 26, 2008;

United States' position: June 15, 2009.

**viii. Whether the presumptive limits of ten depositions and 25 interrogatories per party should apply in this case and, if not, the reasons for varying these limits:**

The parties do not request any variances to these limits.

**ix. Whether any physical or mental examinations of parties will be requested pursuant to RCFC 35, and, if so, by what date that request will be made and the date the examination will be completed:**

Not applicable.

**x. Any other matters pertinent to the completion of discovery in this case or that counsel deem appropriate for inclusion in the joint scheduling plan.**

None.

**7. Preliminary status conference:**

The parties are available to hold the preliminary status conference be held on any of the following three dates: January 31, February 1 and 4, 2008.

Respectfully submitted,

S/ Kenneth B. Weckstein
KENNETH B. WECKSTEIN
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
Tele: 202-861-1860
Fax: 202-296-2882

Attorney for Plaintiff

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

Attorneys for Defendant

January 10, 2008

CERTIFICATE OF FILING

I hereby certify that on January 10, 2008 a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ Kenneth B. Weckstein