BEFORE THE
**CIVILIAN BOARD OF CONTRACT APPEALS**
1800 M Street NW, 6th Floor
Washington, D.C. 20036

RECEIVED
2007 AUG 20 A 9:12
CIVILIAN BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| CH2M Hill Hanford Group, Inc.<br>APPELLANT | : | |
| v. | : | CBCA No. 708 |
| United States<br>Department of Energy<br>RESPONDENT | : | |
| Contract No. DE-AC27-99RL14047 | : | |

**RESPONDENT'S ANSWER**

To: Hon. R. Anthony McCann
Board Judge, Civilian Board of Contract Appeals

In accordance with the Board's Prehearing Order/Notice of Hearing dated July 26, 2007, Respondent hereby files its Amended Answer in the above-captioned appeal.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the "Respondent's Appeal File" was delivered via mails this 17th day of August, 2007, to Kenneth B. Weckstein, Esq., Epstein Becker & Green, P.C., 1227 25th Street, N.W., Suite 700, Washington, DC 20037 and S. J. Bensussen, CH2M HILL Hanford Group, , Inc. P.O. Box 1500, MSIN H6-18, Richland, Washington 99352.

Richard V. Gonzales

**BEFORE THE**
**CIVILIAN BOARD OF CONTRACT APPEALS**
1800 M Street NW, 6th Floor
Washington, D.C. 20036

| | |
|---|---|
| CH2M Hill Hanford Group, Inc.<br>APPELLANT<br><br>v.<br><br>United States<br>Department of Energy<br>RESPONDENT<br><br>Contract No. DE-AC27-99RL14047 | **CBCA No. 708**<br>**(Judge McCann)** |

**GOVERNMENT'S ANSWER TO APPELLANT'S COMPLAINT**

**COMES NOW THE GOVERNMENT**, by and through its assigned Trial Attorney, and answers the Complaint filed by Appellant in the subject appeal. Government's Answer corresponds to the like-numbered paragraphs and sentences of Appellant's Complaint. Any allegation not specifically admitted herein is generally denied.

1. First Sentence: The allegations contained in this sentence constitute conclusions of law, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

Second Sentence: Admit.

Third Sentence: The allegations contained in the third sentence constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations

of fact, they are denied.

Fourth Sentence: Denied.

Fifth Sentence: Denied.

Sixth Sentence: Denied.

Seventh Sentence: The allegations contained in the third sentence constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

Eighth Sentence: The allegations contained in the eighth sentence constitute conclusions of law to which a response is not required; to the extent they may be deemed allegations of fact, they are denied.

Ninth Sentence: Denied.

Tenth Sentence: Denied.

Eleventh Sentence: Denied.

2. This paragraph is denied.

3. This paragraph is admitted.

4. First Sentence: Admit that Appellant has been reimbursed for certain costs; but deny the remainder of this sentence.

Second Sentence: Admit.

5. Admit.

6. Admit.

**Jurisdiction**

7. Admit.

**Background**

8. First Sentence: Admit.

Second Sentence: The Government denies the allegation in this sentence for lack of insufficient knowledge or information to form a belief as to the truth of this averment.

9. Sentence: Admit.

Second Sentence: Admit.

Third Sentence: Admit.

Fourth Sentence: Admit.

10. This paragraph is admitted.

11. Admit.

12. This paragraph is admitted.

13. This paragraph is admitted.

14. This paragraph is admitted.

15. This paragraph is admitted.

**Vapor Issues Predating the Contract**

16. Denied.

17. This paragraph is admitted.

18. This paragraph is admitted.

19. First Sentence: Admit.

Second Sentence: Admit.

Third Sentence: The Government denies the allegation

in this sentence for lack of insufficient knowledge or information to form a belief as to the truth of this averment.

20. This paragraph admitted.

21. Denied.

22. Denied.

23. Admit that Appellant has quoted a portion of the report.

24. First Sentence: Denied.

Second Sentence: The Government is without sufficient knowledge or information to form a belief as to the truth of this allegation.

Third Sentence: Admit.

25. The Government admits the Executive Summary of the Hewitt Report contains, inter alia, the material quoted in paragraph 25.

26. The Government is without sufficient knowledge or information to form a belief as to the truth of this allegation.

27. This paragraph is denied.

28. First Sentence: Admit that Appellant has quoted a portion of the report.

Second Sentence: Admit only that the cited Hewitt Report was placed in the DOE/ORP reading room as an historical document; deny the remaining allegations in the second sentence.

Third Sentence: The Government is without knowledge

or information sufficient to form a belief as to the truth of this allegation.

29. First Sentence: Denied.

Second Sentence: Admit only that Appellant and the Government entered into a Contract in 1999.

**The Contract Provisions**

30. Denied as stated. The Government only admits that the Contract in is a Cost-Plus-Award-Fee (CPAF) Contract.

31. Denied.

32. Admit only that the Contract contained objectively measured PBIs that were tied to performance goals.

33. First Sentence: Denied.

Second Sentence: Denied as an insufficient and inaccurate characterization of the contract. Admit only that under the Contract, Appellant could earn Acceleration Fee.

Third Sentence: Denied as an insufficient and inaccurate characterization of the contract. Admit only that the acceleration scope of each Performance Baseline Incentive(s) ("PBIs") was associated with certain performance goals achieved.

34. First Sentence: Admit.

Second Sentence: Admit only that the cited Contractual language was included in the Contract.

35. First Sentence: Admit that Contract section C.2.A(3) contains the language quoted in this sentence.

Second Sentence: Admit only that Modification A066 contained the quoted material in section C.2.(a)(2)(viii). Deny the remaining allegations.

Third Sentence: Admit.

36. The Government admits the quoted material in this sentence is contained in Section C of the Contract.

37. Admit that Modification A066, dated November 20, 2002, included a section C.3 called "River Protection Project." Deny the remaining allegation in paragraph 37.

38. Admit that Appellant has accurately quoted a portion of section C.3(a).

39. Admit that Appellant has accurately quoted a phrase from section C.3(a)(1) of the modified contract under the heading "Safe Tank Waste Storage."

40. Denied.

41. Admit.

42. Admit.

43. Admit.

44. Admit.

**Renewed Vapors Issue**

45. Admit that in early 2003 tank farm workers reported incidents of exposure to vapors.

46. Admit.

47. Admit.

48. Admit.

49. Admit.

50. Denied.

51. Denied.

52. Admit.

53. Admit.

54. Admit.

55. Admit that that Mr. Schepens acted upon information provided by Appellant stating that existing precautions were adequate.

56. Admit only that an investigation by DOE's Office of Independent Oversight and Performance Assurance completed in April 2004 and deny Appellant's characterization of that investigation.

57. Admit only that the cited investigation in this paragraph questioned many of Appellant's health and safety practices for its workers and deny the remaining allegation in paragraph 57.

**DOE's Alleged Direction**

58. Admit that Appellant has accurately quoted phrases from the cited letter.

59. The allegations contained in this sentence constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

60. First Sentence: Denied.

Second Sentence: Denied.

Third Sentence: Admit only that Appellant was required, under the terms of its management contract, to determine what changes to existing procedures, if any, were required to best protect workers in light of its reevaluations with respect to respiratory protection.

61. Denied.

62. Denied.

63. Admit that Appellant neither provided additional funding to pay for reevaluations which were part of Appellant's managerial responsibilities under its contract nor provided additional time for the performance of Appellant's responsibilities under the contract.

64. Denied.

65. First Sentence: Denied.

Second Sentence: Admit.

Third Sentence: Admit.

Fourth Sentence: Denied.

66. The Government denies the allegation in this sentence as Appellant relies upon its own information to which the Government has inefficient knowledge or information to form a belief as to the truth of this allegation.

67. Admit.

68. The Government admits written notice of a change was submitted to DOE which contained the quoted portions set out in paragraph 68.

69. Denied.

70. Denied.

71. Admit only that DOE did not grant Appellant the equitable adjustment it sought. The remaining allegations of paragraph 71 are denied.

72. This paragraph is admitted.

73. First Sentence: Admit. The Government denies the remaining allegations of paragraph 73 which are Appellant's characterizations of DOE's final decision.

**Count I**

74. Respondent hereby incorporates by reference its answers as stated in paragraphs 1 through 73 above.

75. The allegations contained in the third sentence constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

76. The allegations contained in the third sentence constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

77. The Government admits the selected portions of the Changes clause were contained within the Contract.

78. Denied.

**Count II**

79. Respondent hereby incorporates by reference its answers as stated in paragraphs 1 through 73 above.

80. Denied.

81. The allegations contained in the third sentence constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

82. The allegations contained in the third sentence constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

**Count III**

83. Respondent hereby incorporates by reference its answers as stated in paragraphs 1 through 73 above.

84. The allegations contained in this sentence constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

85. The allegations contained in this sentence constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

86. The allegations contained in this sentence constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

87. The allegations contained in this sentence constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

88. First Sentence: Denied.

Second Sentence: The allegations contained in this sentence constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

Third Sentence: Denied. The remainder of Appellant's Complaint enumerates prayers for relief to which no response is required.

**DENIAL UNLESS SPECIFICALLY ADMITTED**

All allegations not specifically admitted in this Answer are hereby denied.

**AFFIRMATIVE DEFENSES**

1. Appellant's appeal is barred due to its assumption of the risk in that Appellant admits tank farm vapors at Hanford had been a known phenomenon for decades. Appellant was also aware the Government placed a premium on worker and public safety as evidenced by the numerous State and Government regulations, permits, and contractual obligations imposed upon

Hanford's tank farm contractors.

2. Appellant's appeal is barred due to its failure to mitigate its damages in that once the tank farm vapors became a serious issue for the tank farm workers, Appellant was dilatory in identifying and instituting adequate safety procedures to address the vapor issues.

3. Appellant's appeal is barred due to it failure to state a claim for which relief may be granted.

4. Alternatively, if this Board finds Appellant's appeal supportable based upon a legal theory of a change, failure to cooperate or mutual mistake to the Contract, it should be barred by the Doctrine of Sovereign Immunity. The Government acted not in a contractual capacity, rather, as a Governmental regulator, with a duty to protect the tank farm workers as well as the general public at large.

Respectfully submitted,

Richard V. Gonzales
U.S. Department of Energy
Office of River Protection
P.O. Box 450, MSIN H6-60
Richland, WA 99352

Attorney for the Government

Dated: August 17, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2007, I caused a copy of the foregoing Answer to be served via overnight mails to the following:

Kenneth B. Weckstein
Shlomo D. Katz
Epstein, Becker & Green, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C., 20037
Telephone: 202) 861-1860
Facsimile: (202) 296-2882

Stanley J. Bensussen
Chief Counsel
CH2M HILL Hanford Group, Inc.
P.O. Box 150, MSIN H6-18
Richland, WA 99352
Telephone: (509) 372-3800
Facsimile: (509) 372-1397

UNITED STATES
CIVILIAN BOARD OF CONTRACT APPEALS

**FACSIMILE TRANSMITTAL -- RETURN RECEIPT REQUESTED**

**DATE:** September 5, 2007

**FROM:** DEBORAH CAVANAGH
LEGAL STAFF ASSISTANT, phone: (202) 606-8822

**SUBJECT:** CBCA 708, CH2M HILL HANFORD GROUP, INC. v.
DEPARTMENT OF ENERGY
YOUR AMENDED ANSWER THAT WE RECEIVED ON 8/20/07

**TO:** John Dudley
Department of Energy
Office of River Protection
P.O. Box 450, MSIN H6-60
Richland, WA 99352
PHONE: 509-376-5030
FAX: 509-376-4590

**15 pages (including coversheet)**