# In the United States Court of Federal Claims

No. 07-494 C

(Filed: February 21, 2008)

*************************************
**CH2M HILL HANFORD GROUP, INC.,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
*************************************

## ORDER FOR SUPPLEMENTAL INFORMATION

The Court has concluded that further information concerning the contract at issue in this dispute is required in order to assist in consideration of Defendant's Motion to Consolidate In This Court, A Companion Case, Currently Pending Before The Civilian Board Of Contract Appeals ("Def.'s Mot."). On February 8, 2008, the parties filed with this Court a copy of the specific contract provisions ("the Applicable Contract") that pertain to this motion. The Court, however, remains concerned about the issues outlined below and directs the parties to provide brief answers to the following questions. For the sake of clarity, the claim pending before this Court is termed the "Funding Claim" and the claim pending before the Civilian Board of Contract Appeals ("CBCA") is termed the "Vapors Claim."

1. Paragraph 22 of Plaintiff's complaint in the Funding Claim states that "[f]rom whatever funding is provided by [the United States Department of Energy ("DOE")], approximately $230,000,000 annually must be used by [Plaintiff] for work necessary to maintain safe, environmentally sound site operations." Does the phrase "work necessary to maintain safe, environmentally sound site operations" encompass all non-fee bearing-work the Applicable Contract contemplated? Please cite to a specific provision in the Applicable Contract that specifies this allocation of funds or indicate the source of this figure.

2. Plaintiff's complaint in the Vapors Claim, attached as an appendix to Defendant's Motion, includes detailed breakdowns of each performance

based incentive ("PBI"), with specific indications of pertinent categories within each PBI and the corresponding fees Plaintiff alleges it could not earn (e.g. PBI 3.3c U201) in regard to the Funding Claim. Defendant's Motion ("Def.'s Mot.") at 24-37. To what sections of the Applicable Contract do these breakdowns most accurately correspond? Alternatively, please describe how this information was prepared and how it can be interpreted in the context of the Applicable Contract? Explanations should account for how the PBI breakdowns (applying to the Funding Claim) in the Vapors Claim appendix encompass the period between 2003 and 2006, while breakdowns in the Applicable Contract that appear to be relevant cover a period that is two years longer–2001 to 2006 (if the distinction is material).

3. Unlike its description of the unearned PBI fees underlying the Funding Claim, Plaintiff does not appear to have provided a similar description of the specific PBI fees that total the $7,080,000 sought in the Vapors Claim. In fact, the only such description of which the Court is currently aware is the "Breakdown of Vapors Claim" provided on the last page of the appendix to Defendant's Motion, which lists a total claim of $7,235,000 instead of $7,080,000. Def.'s Mot. at 43. Citing to provisions in the Applicable Contract or the previously described appendix to Defendant's Motion, what specific PBIs are the subject of Plaintiff's $7,080,000 Vapors Claim? Please specify corresponding fee amounts as well. To what extent, if at all, do the unearned PBI fees underlying the Vapors Claim overlap with those sought in the Funding Claim?

4. The Applicable Contract incorporates by reference Section 52.243-2 of the Federal Acquisition Regulations ("FAR"), which allows a contracting officer to "make changes within the general scope" of a contract in exchange for certain equitable adjustments. FAR § 52.243-2; Applicable Contract §§ I 63, I 183 (Modification M030), I 64 (Modification M082); *see also* Funding Claim Complaint ¶ 33; Vapors Claim Complaint ¶ 42. The Vapors Claim complaint identifies the DOE contracting officer who ordered the work on vapors issues allegedly beyond the Applicable Contract's scope as Mr. Roy Schepens, manager of DOE's Office of River Protection. *See* Vapors Claim Complaint ¶¶ 47-53, 58. To what extent was Mr. Schepens involved in ordering the extra non-fee-bearing work alleged in Count I of the Funding Claim? *See* Funding Claim Complaint ¶¶ 34, 48.

5. Seeking equitable adjustment for breach of Defendant's duty to cooperate, the Vapors Claim and the Funding Claim contend that DOE denied Plaintiff's Baseline Change Requests "to mitigate the cost and schedule

effects of the added requirements" for work allegedly outside of the Applicable Contract's scope. *See* Vapors Claim Complaint ¶ 81; Funding Claim Complaint ¶ 64; *see also* Vapors Claim Complaint ¶ 70; Funding Claim Complaint ¶ 42. Citing to Section C.2.A(3) of the original contract and Section C.2(a)(2)(viii) of the Applicable Contract (Modification A066), both complaints also mention the requirement that a DOE contracting officer approve Baseline Change Requests. Vapors Claim Complaint ¶ 35; Funding Claim Complaint ¶ 31. Were the respective Baseline Change Requests denied by the same DOE contracting officer/s?

The parties may set forth separate views on which they cannot agree and may independently file additional documentation pertinent to their responses. If a party believes that a question requires information that is solely in the other party's possession, the party should so indicate in their response in lieu of providing an answer. The Court ORDERS the parties to file a joint report containing answers to these questions on or before **Wednesday, February 27, 2008**.

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge